# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **ROBERT KENT SMITH,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No.  4:06CV500-SNL |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

On March 22, 2006, petitioner filed "Petition for the Writ of Mandamus" which the Court is treating as a motion to vacate, set aside or correct an illegal sentence under 28 U.S.C. § 2255. The Government has responded and petitioner has filed "Rebuttal to the Government's Response."

In addition, petitioner has filed a request that the Court rule on the issue. The matter is now before the court and ready for a ruling.

### Background

Petitioner's exposure to the criminal justice system has been substantial and varied. Following a jury trial and guilty verdict, Hon. Clyde S. Cahill, Jr., on November 15, 1985, sentenced the defendant to three concurrent terms of imprisonment of 10 years and a 5-year concurrent term of imprisonment on another count, to be followed by a 5-year period of probation. In the sentence, Judge Cahill stated:

"On count one, the Court imposes a sentence of 10 years in an institution to be determined by the Attorney General. On counts three and four the Court again imposes a sentence of 10 years on each of these counts to run concurrent with each other and with the sentence imposed in count one. On count five, the Court imposes a sentence of five years. That five-year sentence is also to be served concurrently with the sentences imposed in counts one, three and four. On count two, the Court will suspend the imposition of that sentence and place you on probation for a period of five years to commence upon the completion of the actual prison sentence imposed in counts one, three, four

and five." Sent. Trans., p. 8.

The judgment and conviction was affirmed on appeal. U.S. v. Robert Kent Smith, 815 F.2d 711 (8th Cir. 1987) (unpub.).

Petitioner moved to vacate his sentence pursuant to 28 U.S.C. § 2255 which was denied as was his request for reconsideration of the denial order. Judge Cahill's denial of the motion to vacate the sentence was affirmed. U.S. v. Smith, 843 F.2d 1148 (8th Cir. 1988). The Court paraphrased Judge Cahill's sentence as follows:

"The Court suspended imposition of sentence on count two and placed appellant on probation

for a period of five years, commencing upon the completion of the prison sentence." Id. p. 1149.

Petitioner filed a successive § 2255 motion which was assigned to Hon. Edward L. Filippine after Judge Cahill had recused himself. Judge Filippine denied petitioner's successive § 2255 motion and his ruling was also affirmed on appeal. U.S. v. Smith, 898 F.2d 683 (8th Cir. 1990). In the interim, on March 22, 1986, petitioner escaped from custody. After being apprehended, he entered a plea of guilty to violation of 18 U.S.C. § 751(a) and was sentenced by Hon. George F. Gunn, Jr. to three years of imprisonment to run consecutive to the ten year term of imprisonment imposed by Judge Cahill. Thus, there was a total sentence of 13 years beginning with the 10 year sentence imposed by Judge Cahill on November 15, 1985 and the three-year consecutive term to Judge Cahill's sentence imposed by Judge Gunn.

Petitioner was released on parole from the Judge Cahill sentence on November 10, 1992. On November 19, 1993 he was found guilty, following a jury trial, of bank robbery. Following the jury verdict, this Court sentenced petitioner to 72 months custody of the Bureau of Prisons on March 30, 1994 to be followed by a two-year period of supervised release. The judgment and sentence was affirmed. U.S. v. Smith, 40 F.3d 933 (8th Cir. 1994)

On June 18, 1998, petitioner was placed on parole on the 10-year Judge Cahill sentence and the three-year consecutive Judge Gunn sentence. Petitioner was also placed on supervised release on the bank robbery conviction on September 9, 1998 and his supervised release term was completed September 8, 2000. Petitioner was discharged from the parole of the Judge Cahill and Judge Gunn sentences on July 9, 2003. This was occasioned by a certificate

of early termination.[1] Probation Officer Rackley filed a petition with this Court on September 10, 2005 alleging that petitioner had violated certain conditions of his probation on the Judge Cahill case. The violations were a driving while intoxicated charge in Phelps County, Missouri on January 22, 2004, and a bad-check charge in St. Louis County, Missouri on February 25, 2004. The officer alleges that Smith failed to report these arrests and was in violation of probation for that reason, as well as for the state charges involved.

Petitioner appeared before this Court with counsel and admitted the violations, following which this Court on November 2, 2005 revoked the probation and sentenced petitioner to custody of the Bureau of Prisons for six years.

The Judge Cahill sentence of petitioner to 10 years, followed by Judge Gunn's consecutive sentence of three years totaled 13 years. Those sentences were interrupted by this Court's six-year sentence of petitioner which began March 30, 1994. Thus, there was a total sentence by Judge Cahill, Judge Gunn and this Court of 19 years. As Judge Cahill's sentence began November 15, 1985, 19 years from that date would expire November 14, 2004. Ordinarily, the five-year probation as ordered by Judge Cahill would begin at that time. However, as a result of petitioner's certificate of early termination on July 9, 2003, that date would be the beginning of the five-year probation as ordered by Judge Cahill as opposed to November 14, 2004.

Although jurisdiction may not be agreed to, nor may it be waived, the hearing before this Court on November 2, 2005 was conducted by agreement of the parties. Petitioner waived his right to a hearing as to the allegations set out in the petition to revoke probation and petitioner admitted those violations. Probation violation hearing, page three. The Judge Cahill sentencing was pre-Guideline and the offense severity rating was a category six and the salient factor score was five. Accordingly, the Guideline range was 64 to 78 months for violation of the conditions of probation. Petitioner's counsel recommended a sentence of 72 months and the Court accepted the recommendation and sentenced the defendant for that term. At no time during the proceeding was the issue of jurisdiction raised. Probation hearing, page 3, 4 and 5.

---

[1] See affidavit of Kristi K. Rackley attached to the Government's response to petitioner's motion. Rackley was petitioner's supervising probation officer since February 2, 2004.

Discussion

Petitioner's sentence by Judge Cahill beginning November 15, 1985 was for 10 years, and he was released on parole November 10, 1992. He argues, therefore, that the five-year term of probation should begin on that date as opposed to the end of the 10-year Judge Cahill sentence, followed by the three-year Judge Gunn sentence. If the five-year term of probation began November 10, 1992 it would have expired five years later, and obviously this Court would have no jurisdiction to find on November 2, 2005 that petitioner had violated his conditions of probation. Petitioner also contends that his five-year probation term continued to run even though he violated his parole by committing bank robbery for which he received and additional term of imprisonment for 72 months. Petitioner avers that Judge Cahill intended his probation to begin upon his release from actual confinement in prison.

Petitioner's argument is not supported by the facts or the law. This Court adopts the rationale of the United States Court of Appeals for the Tenth Circuit in determining the intent of Judge Cahill in imposing his sentence against petitioner.

> "The intent of the sentencing court must guide any retrospective inquiry into the term and nature of a sentence. [T]he controlling consideration [in interpreting when a probation period commences] is the intention of the Court imposing the sentence, to be found in the language employed to create the probationary status. U.S. v. King, 990 F.2d 190, 192 (5th Cir.) (quoting Sanford v. King, 136 F.2d 106, 108 (5th Cir. 1943) (second alteration in original), cert denied, ___ U.S. ___, 114 S.Ct. 223, 126 L.Ed.2d 179 (1993)."

U.S. v. Einspahr, 35 F.3d 505, 506 (10th Cir. 1994). See also U.S. v. Flynn, 49 F.3d 11, 13 (1st Cir. 1995).

To reiterate, the Court quotes the language used by Judge Cahill at his sentence of Smith as follows: "On count one, the Court imposes a sentence of 10 years in an institution to be determined by the Attorney General. On counts three and four, the Court again imposes a sentence of 10 years on each of these counts to run concurrent with each other and with the sentence imposed in count one. On count five, the Court imposes a sentence of five years. That five-year sentence is also to be served concurrently with the sentences imposed in counts one, three and four. On count two, the Court will suspend the imposition of that sentence and place you on probation for a period of five years to commence upon the completion of the actual prison sentence imposed in counts one, three, four and

4

five." Judge Cahill, Sentencing Transcript, page 8.

Judge Cahill's intent is clear and unambiguous. He sentenced petitioner to 10 years as to count one, count three and count four and five years as to count five with all such sentences to run concurrently. As to count two, Judge Cahill sentenced petitioner to probation for a period of five years "to commence upon the completion of the actual prison sentence imposed in counts one, three, four and five." Judge Cahill did not say that probation was to begin upon the actual time spent in prison, but was to begin upon the completion of the actual prison sentence imposed.

In Einspahr the district court sentenced the defendant to three years and nine months imprisonment on count one and four years of imprisonment on count two. The district court stated "As to count two, imposition of sentence is suspended; the defendant is placed on probation for a period of four years to run consecutive to count one." Einspahr, 35 F.3d at 505. On appeal, it was held that the district court clearly intended the defendant's term of probation to commence at the end of the full three years and nine month's term on count one.

The court in Einspahr further found that "The granting of parole to a prisoner does not terminate the sentence that he is serving. Rather, supervision in the prison setting is replaced with supervision by probation authorities. The confinement period and any subsequent period of parole supervision are best understood as two parts "of a single indivisible sentence." United States v. Thompson, 979 F.2d 743, 744 (9th Cir. 1992). Accordingly, Mr. Einspahr's parole period must be regarded as part of his sentence on Count I. The hourglass was not turned to begin his probation until the conclusion of that parole period." Einspahr, at p. 507. Again, see U.S. v. Flynn, 49 F.3d at 13 and 14 for similar findings.

Nor does the intervening sentence imposed by this Court of six years count against the initial sentences imposed by Judge Cahill and Judge Gunn. See Zerbst v. Kidwell, 304 U.S. 359 at 362 (1937).

> ". . . The Board of Parole . . . or any member thereof, shall have the exclusive authority to issue warrants for the retaking of any United States prisoner who has violated his parole. The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the institution, and the time the prisoner was on parole shall not diminish the time he was originally sentenced to serve."

5

<u>Id</u>. at 362.

Even if Judge Gunn's three-year sentence running consecutive to Judge Cahill's ten-year sentence was not to be considered as to when the five-year period of probation was to begin, this Court would still have jurisdiction. Judge Cahill's ten-year sentence and this Court's six-year sentence, or a total of sixteen years beginning November 15, 1985, would end November 15, 2001. The five-year probation would not end until November 15, 2006. Thus, petitioner would still be on probation when this Court revoked the probation on November 2, 2005.

This Court finds, therefore, that petitioner's five-year sentence of probation imposed by Judge Cahill began on July 9, 2003 and this Court had jurisdiction to revoke petitioner's probation on November 2, 2005.

Dated this 12th day of April, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE